IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00487 HG |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| WAGDY A. GUIRGUIS (01), | ) |  |
| MICHAEL H. HIGA (02), | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**ORDER DENYING DEFENDANT MICHAEL H. HIGA'S MOTION TO SEVER DEFENDANTS (ECF No. 47)**

In **Count I,** both Defendants Wagdy A. Guirguis and Michael H. Higa are charged with conspiracy to defraud the United States by impeding and impairing the Internal Revenue Service in violation of 18 U.S.C. § 371.

**Defendant Guirguis** is charged as follows:

**Counts 2-4** with subscribing and filing false tax returns in violation of 26 U.S.C. § 7206(1);

**Count 10** with failure to file tax return in violation of 26 U.S.C. § 7203;

**Counts 11-13** with attempted tax evasion in violation of 26 U.S.C. § 7201;

**Count 14** with corrupt endeavor to obstruct and impede the

1

due administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a); and

**Count 15** with witness tampering in violation of 18 U.S.C. § 1512(b)(1).

**Defendant Higa** is charged as follows:

**Counts 5-9** with aiding and assisting in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2).

Defendant Higa moves to sever his trial from codefendant Guirguis.

Defendant Higa makes three arguments: (1) his defense strategy is mutually antagonistic to the defense strategy of his codefendant; (2) he will be prejudiced by spillover evidence; and (3) he will lose his codefendant Guirguis' exculpatory testimony.

Defendant Higa has failed to establish that a joint trial would unduly prejudice his right to a fair trial.

DEFENDANT MICHAEL H. HIGA'S MOTION TO SEVER (ECF No. 47) is **DENIED WITHOUT PREJUDICE.**

## PROCEDURAL HISTORY

On August 31, 2017, the grand jury returned an Indictment of fifteen counts charging Defendants Wagdy A. Guirguis and Michael H. Higa. (ECF No. 1)

On August 28, 2018, Defendant Higa filed DEFENDANT MICHAEL

H. HIGA'S MOTION TO SEVER DEFENDANTS. (ECF No. 47).

On August 30, 2018, Defendant Guirguis filed DEFENDANT WAGDY GUIRGUIS' STATEMENT OF NO POSITION REGARDING CO-DEFENDANT MICHAEL HIGA'S MOTION TO SEVER DEFENDANTS AND REQUEST FOR WAIVER OF PRESENCE OF DEFENDANT GUIRGUIS AND COUNSEL AT HEARING ON THE MOTION. (ECF No. 49).

On September 5, 2018, the Government filed GOVERNMENT'S RESPONSE TO DEFENDANT MICHAEL HIGA'S MOTION FOR SEVERANCE. (ECF No. 52).

On September 11, 2018, Defendant Higa filed DEFENDANT HIGA'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO SEVER DEFENDANTS. (ECF No. 59).

On September 17, 2018, the Court held a hearing on Defendant Higa's Motion to Sever. (ECF No. 63).

## STANDARD OF REVIEW

Fed. R. Crim. P. 8(b) provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Joint trials play an important role in the criminal justice system. Zafiro v. United States, 506 U.S. 534, 537 (1993).

In turn, Fed. R. Crim. P. 14(a) provides that trials may be

3

severed where it appears that a joint trial would cause prejudice. Fed. R. Crim. P. 14 states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

The United States Supreme Court has ruled that a defendant seeking severance must establish "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. It is within the district court's discretion to determine if there is any risk of prejudice and if so, to fashion the appropriate remedy. Id. at 541. Various remedies short of severance are available to the district court to minimize prejudice to a defendant. If the district court determines that the risk of prejudice cannot be remedied, a separate trial is required pursuant to Fed. R. Crim. P. 14(a). Id. at 538-41.

## ANALYSIS

Case law of the Ninth Circuit Court of Appeals provides that to warrant severance a defendant bears the heavy burden of

demonstrating that "the joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion [on the motion to sever] in just one way, by ordering a separate trial." United States v. Johnson, 297 F.3d 845, 855 (2002) (citation omitted).

The Ninth Circuit Court of Appeals has provided a four-part test to aid a district court's determination of whether severance is appropriate. The relevant considerations are:

> (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant;
>
> (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used;
>
> (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and
>
> (4) whether [the defendants] could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

United States v. Heine, 2016 WL 1048895, *2 (D. Or. March 14, 2016) (citing United States v. Hernandez-Orellana, 539 F.3d 994, 1001 (9th Cir. 2008)).

Defendant Higa contends that (1) his defense strategy is mutually antagonistic to the defense strategy of his codefendant; (2) he will be prejudiced by joinder because the jury will consider the large amount of evidence against Defendant Guirguis

5

against Defendant Higa also, which will result in spillover prejudice; and (3) that he will lose exculpatory testimony because Defendant Guirguis will assert his Fifth Amendment privilege against self-incrimination pursuant to the United States Constitution.

## I. Antagonistic Defenses

"Mutually antagonistic defenses are not prejudicial *per se*." Zafiro, 506 U.S. at 538. Even if prejudice is shown, Fed. R. Crim. P. 14 does not necessarily require severance. Rather, "it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Id. at 538-39. In Zafiro, the United States Supreme Court concluded that the district court did not err in its denial of the motions to sever because defendants are not entitled to severance merely because they may have a better chance at acquittal in a separate trial. Id. at 539-541. The Supreme Court found the district court's curative instructions sufficed to cure any possibility of prejudice. Id.

In United States v. Tootick, 952 F.2d 1078, 1081 (1991), the Ninth Circuit Court of Appeals explained that defenses are mutually exclusive when "acquittal of one codefendant would necessarily call for the conviction of the other." In Tootick, defendants Charles Frank and Moses Tootick were jointly tried and

convicted of assaulting Aaron Hart. 952 F.2d at 1080. Frank and Tootick each relied on the defense that the other defendant alone committed the assault. Frank testified that he drove to an isolated spot and remained in the car while Tootick stepped out and stabbed Hart. Tootick did not testify. His lawyer argued that Tootick was intoxicated and unconscious during the assault. The Ninth Circuit Court of Appeals held:

> Because only Frank and Tootick were present when Hart was attacked, and because there was no suggestion that Hart injured himself, the jury could not acquit Tootick without disbelieving Frank. Each defense theory contradicted the other in such a way that the acquittal of one necessitates the conviction of the other.

Id. at 1081.

The Ninth Circuit Court of Appeals reversed the convictions of both defendants because the joint trial of Frank and Tootick resulted in reversible prejudice as to each defendant. Tootick, 952 F.2d at 1085-86.

Blaming a codefendant does not necessarily rise to the level of an antagonistic defense. In Heine, 2016 WL 1048895, *1, defendants Dan Heine and Diana Yates were charged with conspiracy to commit bank fraud and making false bank entries, reports, and transactions. Yates and Heine filed separate motions for severance. Heine disclaimed knowledge and involvement in the alleged crimes and indicated that he intended to present evidence

7

that Yates, his codefendant, was responsible for the alleged misconduct. Heine, 2016 WL 1048895, *7-*8. Yates, in turn, claimed that she lacked expertise and relied on the judgment of other individuals, including Heine. Id.

The district court found even though Heine and Yates intended to blame one another, their defenses were not mutually antagonistic so as to mandate severance. Id. The district court distinguished the facts of the case from the facts of Tootick. The Indictment in Heine alleged that defendants Heine and Yates acted in concert with other unnamed individuals. The district court stated that unlike the jury in Tootick, the jury in a joint trial of Heine and Yates would have flexibility. For example, the jury could find that Yates acted through mistake and negligence, but did not intend to deceive anyone. The defense allowed for a result that did not require either Heine or Yates to be solely responsible for the crimes alleged. Other unnamed individuals could have been responsible for misconduct.

Defendant Higa argues that he will raise a mutually antagonistic defense to that of Defendant Guirguis. Higa believes Defendant Guirguis may seek to blame Defendant Higa for the charges brought in the Indictment. (ECF No. 47 at 6). Defendant Higa states that United States v. Tootick, 952 F.2d 1078 (9th Cir. 1991) is similar to the situation here.

Defendant Higa has not demonstrated how Tootick is

applicable to the case here. Each defendant may blame the other, but the jury is not required to choose between convicting one or the other defendant under the facts of this case. In this case, defendants are charged as conspirators and as individuals in other counts. Defendant Higa fails to provide how his defense theory would contradict Defendant Guirguis' defense in such a way that the acquittal of one necessitates the conviction of the other defendant.

Even if Defendant Guirguis blames Defendant Higa, by claiming he lacked knowledge or was ignorant, such a defense does not rise to the level of a mutually antagonistic defense. Justice Stevens' concurrence in Zafiro explained that "dual ignorance defenses do not necessarily translate into 'mutually antagonistic' defenses, as that term is used in reviewing severance motions, because acceptance of one defense does not necessarily preclude acceptance of the other and acquittal of the codefendant." Zafiro, 506 U.S. at 542 (Stevens, J., concurring). Defendant Higa may raise the defense of ignorance or both defendants may blame one another for the alleged crimes, but such blaming does not rise to the level of a mutually antagonistic defense. Heine, 2016 WL 1048895, *9. Defendant Higa has failed to meet the burden required to warrant severance based on mutually antagonistic defenses.

## II. Spillover Evidence

The defendants are charged as conspirators and as individuals in other counts. A defendant seeking severance may argue that there is great disparity in the amount of evidence introduced against the two defendants and that it may create the risk of spillover prejudice. While a great disparity of evidence may be sufficient to permit severance in certain cases, the focus is on "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in [] light of its volume and [] limited admissibility." U.S. v. Gaines, 563 F.2d 1352, 1355 (9th Cir. 1977) (citation omitted). The risk of prejudice posed by joint trials may be cured by proper jury instruction. Zafiro, 506 U.S. at 540-41. Joint trials are particularly appropriate in conspiracy cases. United States v. Ortiz, 2013 WL 5597145, *1 (N.D. Cal. Oct. 11, 2013) (citing United States v. Fernandez, 388 F.3d 1199, 1242 (9th Cir. 2004)).

Defendant Higa argues that evidence against Defendant Guirguis will spillover on to Defendant Higa and the jury will be unable to recognize how specific evidence applies to Defendant Guirguis and not to Defendant Higa.

Here, Defendant Higa has not demonstrated with sufficient particularity how he will be prejudiced due to spillover evidence

10

and why a limiting instruction would not cure the potential risk of prejudice. Defendant Higa has not provided a basis to find severance is warranted.

### III. Exculpatory Testimony

A defendant seeking to sever a joint trial on the basis of his alleged need for the codefendant's testimony must establish the following: "(1) that he would [have called] the [co]defendant at a severed trial, (2) that the codefendant would in fact [have testified], and (3) that the testimony would [have been] . . . substantially exculpatory." United States v. Pitner, 307 F.3d 1178, 1181 (9th Cir. 2002) (quoting United States v. Reese, 2 F.3d 870, 892 (9th Cir. 1993)). The district court is "required to consider the weight and credibility of the proposed testimony and the economy of severance." Id. (citing United States v. Castro, 887 F.2d 988, 998 (9th Cir. 1989)).

Defendant Higa here argues that he loses exculpatory testimony due to Defendant Guirguis' likely assertion of his Fifth Amendment privilege against self-incrimination.

Defendant Higa has not provided an affidavit from Defendant Guirguis that he would testify favorably for Higa at a separate trial. Defendant Higa has not described how Guirguis' testimony would help him. No exculpatory testimony has been indicated.

Defendant Higa has not met his burden of showing that severance is warranted on the basis of the loss of exculpatory testimony.

**CONCLUSION**

Defendant Michael H. Higa's Motion to Sever Defendants (ECF No. 47) is **DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 26, 2018.



Helen Gillmor
United States District Judge