IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00487 HG |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| WAGDY A. GUIRGUIS (01), | ) |  |
| MICHAEL H. HIGA (02), | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |
| _____ | ) |  |

**ORDER DENYING DEFENDANT WAGDY A. GUIRGUIS' MOTION TO DISMISS COUNT 14 (ECF No. 51)**

Defendant Wagdy A. Guirguis moves to dismiss Count 14 of the Indictment.

Defendant Guirguis argues that Count 14 of the Indictment fails to state an essential element of the offense of corrupt endeavor to obstruct and impede the due administration of the Internal Revenue Laws.

The Government opposes the Defendant's Motion.

Defendant Wagdy A. Guirguis' Motion to Dismiss Count 14 (ECF No. 51) is **DENIED.**

**PROCEDURAL HISTORY**

Defendant Wagdy A. Guirguis is charged in the **Indictment** filed on August 31, 2017 (ECF No. 1) as follows:

1

**Count 14** for corrupt endeavor to obstruct and impede the due administration of the Internal Revenue Laws:

Beginning on or about September 30, 2011, and continuing to a date unknown, but up to at least in or about December 2016, in the District of Hawaii, and elsewhere, Defendant WAGDY GUIRGUIS did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by, among other things, doing the following:

(1) opening new bank accounts in the names of GMP International, LLC, GMP Guam, Inc., and Guam Power, Inc., for the purpose of placing assets beyond the reach of the IRS;

(2) transferring, and causing to be transferred, and depositing, and causing to be deposited, funds from the GMP entities to the bank accounts of Guam Power, Inc., Hawaii Pacific Finance, and GMP International, LLC, for the purpose of placing assets beyond the reach of the IRS;

(3) arranging for his wife to have signature authority on bank accounts used by his nominee entity, Hawaii Pacific Finance;

(4) directing that funds owed by GMP Guam, Inc., be paid to GMP International, LLC, for the purpose of placing assets beyond the reach of the IRS;

(5) causing the GMP entities to grant security interests in their accounts receivables to Hawaii Pacific Finance for the purpose of placing assets beyond the reach of the IRS;

(6) instructing a tenant of one of his rental properties to pay him, rather than the IRS, in disregard of IRS collection notices;

(7) making false and misleading statements to IRS revenue officers; and

(8) making false and misleading statements to IRS special agents.

All in violation of Title 26, United States Code,

Section 7212(a).

On August 31, 2018, Defendant Wagdy A. Guirguis filed DEFENDANT WAGDY A. GUIRGUIS' MOTION TO DISMISS COUNT 14.  (ECF No. 51).

On September 6, 2018, Defendant Michael H. Higa filed DEFENDANT HIGA'S STATEMENT OF NO OPPOSITION TO DEFENDANT WAGDY A. GUIRGUIS' MOTION TO DISMISS COUNT 14.  (ECF No. 56).

On September 11, 2018, the Government filed GOVERNMENT'S RESPONSE TO DEFENDANT WAGDY GUIRGUIS'S MOTION TO DISMISS COUNT 14.  (ECF No. 58).

On September 13, 2018, Defendant Wagdy A. Guirguis filed DEFENDANT WAGDY A. GUIRGUIS' REPLY MEMORANDUM TO GOVERNMENT'S RESPONSE TO DEFENDANT WAGDY A. GUIRGUIS' MOTION TO DISMISS COUNT 14.  (ECF No. 61).

On September 17, 2018, the Court held a hearing on Defendant Guirguis' Motion to Dismiss Count 14.  (ECF No. 63).

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Criminal Procedure 12(b)(1), a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits.  Fed. R. Crim. P. 12(b)(2).

In considering a pretrial motion to dismiss an indictment, the Court "must accept the truth of the allegations in the

3

indictment in analyzing whether a cognizable offense has been charged." United States v. Lyle, 742 F.3d 434, 436 (9th Cir. 2014) (quoting United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002)); United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

## ANALYSIS

An indictment is sufficient if it sets forth the elements of the offense charged in adequate detail to inform the defendant of the charged crime and enable him to plead double jeopardy. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir. 1995). The sufficiency of an indictment is judged by whether its allegations adequately inform the defendant of the charge and "not whether the Government can prove its case." United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982), cert. denied, 460 U.S. 1086 (1983).

Defendant Guirguis moves to dismiss Count 14 for corrupt endeavor to obstruct and impede the due administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a). Defendant Guirguis argues that the Indictment fails to state an essential element of the offense purportedly required by the United States Supreme Court case Marinello v. United States, 138 S.Ct. 1101 (2018).

## I. 26 U.S.C. § 7212(a)

Defendant Guirguis is charged in Count 14 with a violation of 26 U.S.C. § 7212(a). 26 U.S.C. § 7212(a) has two substantive clauses. The first substantive clause forbids "corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under [the Internal Revenue Code][.]"

The second clause, forbids "corruptly or by force or threats of force (including any threatening letter or communication) obstruct[ing] or imped[ing], or endeavor[ing] to obstruct or impede, the due administration of [the Internal Revenue Code][.]"

Defendant Guirguis argues the second clause, known as the "Omnibus Clause" requires the Government to plead a nexus between the Defendant's conduct and a particular administrative proceeding. Defendant Guirguis relies on the United States Supreme Court's recent decision in Marinello v. United States, 138 S.Ct. 1101 (2018).

## II. Marinello v. United States, 138 S. Ct. 1101 (2018)

In Marinello v. United States, 138 S.Ct. 1101 (2018), the United States Supreme Court considered the scope of the second clause of 26 U.S.C. § 7212(a), the "Omnibus Clause".

In Marinello, the Government indicted Carlo Marinello,

5

charging him with violations of several criminal tax statutes including the Omnibus Clause. Id. at 1105. With respect to the Omnibus Clause, the Government claimed that Marinello had engaged in at least one of eight different specified activities in the indictment. The indictment alleged that Marinello violated 26 U.S.C. § 7212(a) by "'failing to maintain corporate books and records,' 'failing to provide' his tax accountant 'with complete and accurate' tax 'information,' 'destroying ... business records,' 'hiding income,' and 'paying employees ... with cash.'" Id. (quoting United States v. Marinello, 839 F.3d 209, 213 (2d Cir. 2016), rev'd, 138 S.Ct. 1101 (2018)). The jury was instructed that to convict Marinello of violating the Omnibus Clause, it must find that he engaged in at least one of the eight activities. The district court judge did not instruct the jury that it must find Marinello knew he was under investigation and intended to corruptly interfere with that investigation. The jury convicted Marinello on all counts. Id.

On appeal to the Second Circuit Court of Appeals, Marinello argued that an Omnibus Clause violation requires the Government to show that a defendant tried to interfere with an ongoing Internal Revenue Service proceeding such as a particular investigation. The Second Circuit Court of Appeals disagreed with Defendant Marinello's argument. It held that a defendant need not possess "'an awareness of a particular [IRS] action or

investigation'" and affirmed Marinello's convictions.  Marinello, 138 S.Ct. at 1105.

The United States Supreme Court granted certiorari.  The Supreme Court concluded that to secure a conviction under 26 U.S.C. § 7212(a)'s Omnibus Clause, the "Government must show (among other things) that there is a 'nexus' between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action."  Marinello, 138 S.Ct. at 1109.  "That nexus requires a 'relationship in time, causation, or logic with the [administrative] proceeding.'"  Id. (quoting United States v. Aguilar, 515 U.S. 593, 599 (1995).  The Supreme Court held that a particular administrative proceeding is not "every act carried out by [Internal Revenue Service] employees in the course of their 'continuous, ubiquitous, and universally known' administration of the Tax Code."  Marinello, 138 S.Ct. at 1109-10.  In addition to establishing a nexus, the Government must prove at trial that the "proceeding was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant."  Id. at 1110.

The Supreme Court did not find that a nexus is required to be pled in the indictment.  Rather, it held that the Government must prove at trial that there is a nexus between the defendant's actions and a specific administrative proceeding.

7

## III. Defendant Guirguis' Argument

Defendant Guirguis argues that the Supreme Court in Marinello created a new element to a 26 U.S.C. § 7212(a) charge and the Indictment in this case is insufficient. Defendant Guirguis asserts that the Indictment "does not allege a connection between Defendant Guirguis' conduct and an administrative proceeding, nor does it allege that any such proceeding was pending or reasonably foreseeable by Defendant Guirguis." (ECF No. 51-1 at p. 5-6).

In Marinello, the Supreme Court addressed what the Government must prove at trial to secure a conviction for a 26 U.S.C. § 7212(a) charge. Under the Omnibus Clause, the Government must establish that there was a "nexus" between the defendant's conduct and a particular administrative proceeding. The Supreme Court did not review the sufficiency of the pleading in the Government's indictment. The Supreme Court held that to secure a **conviction** under the Omnibus Clause, the "Government must show (among other things) that there is a 'nexus' between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action." Marinello, 138 S.Ct. at 1109. The Supreme Court did not find that the Government must plead a nexus between the defendant's conduct and an administrative proceeding into the charging document.

8

In the case before the Court here, the Government is not required to allege that there is a nexus between Guirguis' conduct and a particular administrative proceeding in the Indictment. The Government must prove the nexus at trial.

### CONCLUSION

Defendant Wagdy A. Guirguis' Motion to Dismiss Count 14 (ECF No. 51) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 23, 2018.

Helen Gillmor
United States District Judge