IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00487 HG |
| Plaintiff, | ) | |
| vs. | ) | |
| WAGDY A. GUIRGUIS (01), | ) | |
| MICHAEL H. HIGA (02), | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT WAGDY A. GUIRGUIS' MOTION TO DISMISS COUNTS 4 AND 10 (ECF No. 50)**

**and**

**DENYING DEFENDANT MICHAEL H. HIGA'S JOINDER MOVING TO DISMISS COUNT 7 (ECF No. 55)**

Defendant Wagdy A. Guirguis moves to dismiss Counts 4 and 10 of the Indictment. Defendant Michael H. Higa joins in Defendant Guirguis' Motion and moves to dismiss Count 7.

Defendant Guirguis claims that the Court does not have jurisdiction over Counts 4 and 10, because they involve purported activities of Defendant Guirguis with "GMP Guam, Inc." He claims GMP Guam, Inc. is a Guam corporation subject to the Guam Territorial income tax. Defendant Guirguis argues such charges are subject to exclusive jurisdiction in the Guam District Court, pursuant to the Guam Organic Act of 1950, 48 U.S.C. § 1421, <u>et</u>

1

seq.

Defendant Higa joins in Defendant Guirguis' Motion and argues that if the Court lacks jurisdiction over Counts 4 and 10 against Defendant Guirguis, the Court also lacks jurisdiction over Count 7, which is brought against Defendant Higa relating to "GMP Guam, Inc."

The Government opposes the Defendants' Motions.

The Government alleges that "GMP Guam, Inc.," as charged in the Indictment, is a United States domestic corporation that is subject to the Internal Revenue Code.

The Court finds that there is a sufficient jurisdictional basis to proceed to trial on Counts 4, 7, and 10 in the Indictment.

Defendant Wagdy A. Guirguis' Motion to Dismiss Counts 4 and 10 (ECF No. 50) is **DENIED.**

Defendant Michael H. Higa's Joinder Moving to Dismiss Count 7 (ECF No. 55) is **DENIED.**

## PROCEDURAL HISTORY

Defendant Wagdy A. Guirguis is charged in the **Indictment** filed on August 31, 2017 (ECF No. 1) as follows:

**Count 4** relating to "GMP Guam, Inc." against Defendant Guirguis:

In the District of Hawaii, Defendant Guirguis, a

resident of Oahu, did willfully make and subscribe the tax return for GMP Guam, Inc. in calendar year 2010, which was verified by a written declaration that it was made under the penalty of perjury and was filed with the Internal Revenue Service, and which return he did not believe to be true and correct as to every material matter for GMP Guam, Inc., Form 1120, filed on March 6, 2012, where Line 1a reported "gross receipts or sales" of $15,000, which understated actual gross receipts by approximately $1,344,000.00, in violation of 26 U.S.C. § 7206(1).

**Count 10** relating to "GMP Guam, Inc." against Defendant Guirguis:

During the calendar year 2011, Defendant Guirguis was the president of GMP Guam, Inc., a corporation not expressly exempt from tax with gross receipts of approximately $1.7 million during the year, with its principal place of business at Honolulu, Hawaii. He therefore was required by law, after the close of the calendar year 2011 and on or before March 15, 2012, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Ogden, Utah, or to the person assigned to receive returns at the local office of the Internal Revenue Service at Honolulu, Hawaii, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all the foregoing, he did willfully fail, on or about March 15, 2012, in the District of Hawaii, to make an income tax return at the time required by law, in violation of 26 U.S.C. § 7203.

Defendant Michael H. Higa is also charged in the Indictment (ECF No. 1), in **Count 7**, relating to "GMP Guam, Inc.," as follows:

On or about March 6, 2012, Defendant Michael Higa, a resident of Oahu, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, the tax return for GMP Guam., Inc. on Form 1120, for calendar year 2010. The tax return was false and fraudulent as to material matters, as follows: Line 1a reported

3

"gross receipts or sales" of $15,000, in violation of 26 U.S.C. § 7206(2).

On August 31, 2018, Defendant Wagdy A. Guirguis filed DEFENDANT WAGDY A. GUIRGUIS' MOTION TO DISMISS COUNTS 4 AND 10. (ECF No. 50).

On September 6, 2018, Defendant Michael H. Higa filed DEFENDANT HIGA'S JOINDER, arguing if the Court finds it has no jurisdiction as to Counts 4 and 10, then the Court would also lack jurisdiction as to Count 7. (ECF No. 55).

On September 11, 2018, the Government filed GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT WAGDY GUIRGUIS'S MOTION TO DISMISS COUNTS 4 AND 10 AND TO DEFENDANT MICHAEL HIGA'S JOINDER MOVING TO DISMISS COUNT 7. (ECF No. 60).

On September 13, 2018, Defendant Wagdy A. Guirguis filed DEFENDANT WAGDY A. GUIRGUIS' REPLY MEMORANDUM TO GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT WAGDY GUIRGUIS' MOTION TO DISMISS COUNTS 4 AND 10 AND TO DEFENDANT MICHAEL HIGA'S JOINDER MOVING TO DISMISS COUNT 7. (ECF No. 62).

On September 17, 2018, the Court held a hearing on Defendant Guirguis' Motion to Dismiss Counts 4 and 10 and Defendant Higa's Joinder moving for dismissal of Count 7. (ECF No. 63). Following the hearing, the Court rendered an oral ruling denying the Defendants' Motions and indicated a written order would be filed at a later date. (Id.) This written order sets forth the Court's basis for the denial of Defendants' Motions.

## **STANDARD OF REVIEW**

Pursuant to Federal Rule of Criminal Procedure 12(b)(1), a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits.

In considering a pretrial motion to dismiss an indictment, the Court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." United States v. Lyle, 742 F.3d 434, 436 (9th Cir. 2014) (quoting United States v. Boren, 278 F.3d 911, 913 (9th Cir. 2002)); United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

The Court may not invade the province of the ultimate finder of fact in ruling on a pretrial motion. United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993).

The Ninth Circuit Court of Appeals has explained that when a question of federal subject-matter jurisdiction in a criminal case is intermeshed with questions going to the merits, the issue should be determined at trial. Id. at 670 (quoting United States v. Ayarza-Garcia, 819 F.2d 1043, 1048 (11th Cir. 1987)). The question should be determined by the trier of fact when the challenged jurisdictional requirement is also a substantive element of the offense charged. Id.

**ANALYSIS**

I.  **The Government Has Charged Defendants Relating To Their Actions With "GMP Guam, Inc." In Counts 4, 7, And 10 Of The Indictment**

United States domestic corporations are subject to the Internal Revenue Code and must file income tax returns with the Internal Revenue Service whether or not they have gross receipts or taxable income. 26 C.F.R. § 1.6012-2. Pursuant to the Internal Revenue Code, a "domestic corporation" is one that is "created or organized in the United States or under the law of the United States or of any State." 26 U.S.C. § 7701(a)(4).

United States domestic corporations are taxed on all of their net income, regardless of its source. Sayre & Co. v. Riddell, 395 F.2d 407, 411 (9th Cir. 1968).

The Government alleges that Defendant Guirguis is charged in Counts 4 and 10 in the Indictment with tax-related crimes related to a United States domestic corporation named, "GMP Guam, Inc."

The Government asserts Defendant Higa is charged in Count 7 in the Indictment with aiding and assisting in the preparation of a false tax return for "GMP Guam, Inc."

The Indictment states that "Defendant Wagdy Guirguis was the president of GMP Guam, Inc., a corporation not expressly exempt from tax with gross receipts of approximately $1.7 million during the year, with its principal place of business at Honolulu, Hawaii." (Indictment at p. 17, ECF No. 1).

6

The Government has provided a document that it claims demonstrates that in 2005, "GMP Guam, Inc." was incorporated pursuant to the laws of the State of Hawaii. (Articles of Incorporation of "GMP Guam, Inc.", attached as Ex. A to Gov't Response, ECF No. 60-1). The document states that GMP Guam, Inc.'s mailing address is "1100 Alakea Street Suite 1800, Honolulu, Hawaii 96813." (Id. at p. 2). The filing states that the corporation's registered agent in the State of Hawaii is "Wagdy Guirguis" and lists his street address as "1100 Alakea Street Suite 1800, Honolulu, HI 96813." (Id.) The name of the incorporator is listed as "Wagdy Guirguis" and the electronic signature for Wagdy Guiguis is provided. (Id. at p. 3).

The Government also alleges that "GMP Guam, Inc." filed numerous documents entitled, "DOMESTIC PROFIT CORPORATION ANNUAL REPORT" for the years 2006, 2007, 2008, 2009, 2010, 2011, 2012, and 2013, with State of Hawaii, Department of Commerce and Consumer Affairs, Business Registration Division." (Id. at pp. 4-12).

## II. Defendants' Arguments Relating To The Guam Organic Act of 1950

Defendant Guirguis argues that the Indictment incorrectly charges a Guam corporation, not a United States corporation. He asserts there was an entity incorporated in Guam in 2000 named "GMP Guam, Inc." (Def.'s Motion at p. 5, ECF No. 50-1). He

7

asserts that this entity is not subject to the United States Internal Revenue Code, because it is located in Guam and received income from Guam.

### A. Congress Established A Separate Taxation Scheme For Citizens of Guam In 1950

Prior to 1951, citizens of the territory of Guam were subject to taxation under the United States Internal Revenue Code only as to income derived from sources within the United States and no income tax was due to the United States with respect to income earned in Guam. Wilson v. Kennedy, 232 F.2d 153, 154 (9th Cir. 1956).

In 1950, Congress adopted Section 31 of the Guam Organic Act of 1950, 48 U.S.C. § 1421i, which provides, in part:

> § 1421i. Guam Income tax
>
> (a) Applicability of Federal laws; separate tax
>
> The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam: *Provided*, That notwithstanding any other provision of law, the Legislature of Guam may levy a separate tax on all taxpayers in an amount not to exceed 10 per centum of their annual income tax obligation to the Government of Guam.
>
> (b) Guam Territorial income tax
>
> The income-tax laws in force in Guam pursuant to subsection (a) of this section shall be deemed to impose a separate Territorial income tax, payable to the government of Guam, which tax is designated the "Guam Territorial income tax."

**(c) Enforcement of tax**

> The administration and enforcement of the Guam Territorial income tax shall be performed by or under the supervision of the Governor....

48 U.S.C. § 1421i(a)-(c).

The Organic Act of Guam further provides in subsection (h):

**(h) Jurisdiction of District Court; suits for recovery or collection of taxes; payment of judgment**

> Notwithstanding any provision of section 1424 of this title or any other provision of law to the contrary, the District Court of Guam shall have exclusive original jurisdiction over all judicial proceedings in Guam, both criminal and civil, regardless of the degree of the offense or of the amount involved, with respect to the Guam Territorial income tax.

48 U.S.C. § 1421i(h)(1).

The Ninth Circuit Court of Appeals in <u>Sayre & Co. v. Riddell</u>, 395 F.2d 407, 412 (9th Cir. 1968), explained that the United States Congress "intended that Guam should apply the Internal Revenue Code (with those deletions prescribed by section 1421i(d)(1)) to persons and income within its territory just as the United States applies the Code to persons and income within its territory."

Congress viewed Section 31 of the Guam Organic Act of 1950 as creating a "separate integral taxing structure for Guam 'mirroring' the provisions of the federal tax code" and relieving the United States Treasury from making direct appropriations. <u>Id.</u> at 410; <u>see</u> <u>Bank of Guam v. United States</u>, 578 F.3d 1318, 1321 (Fed. Cir. 2009).

The Organic Act delegated the jurisdiction, collection, and enforcement function of income tax within Guam to the government of Guam. Bank of Am., Nat'l Trust & Sav. Assoc. v. Blaz, 539 F.2d 1226, 1227 (9th Cir. 1976) (per curiam). The Act also provided that the Guam District Court has exclusive jurisdiction over tax-related matters pursuant to the Organic Act. Armstrong v. Northern Mariana Islands, 576 F.3d 950, 956 (9th Cir. 2009).

### B. Defendants' Arguments Related To The Guam Organic Act of 1950 Are Premature

Defendants contend that this Court is without jurisdiction over Counts 4, 7, and 10 in the Indictment, claiming those charges are related to the entity that was incorporated in Guam in 2000.

Defendants' arguments relating to the Guam Organic Act of 1950 are premature. The Court may not invade the province of the ultimate finder of fact when determining pretrial motions. United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993); United States v. Yip, 248 F.Supp.2d 970, 972 (D. Haw. 2003). Affirmative defenses and challenges to the sufficiency of the Government's evidence are premature and may not be decided by the Court in a Motion pursuant to Federal Rule of Criminal Procedure 12. Id. at 670.

The Parties have submitted evidence, including articles of incorporation, bank records, bank signature cards, and deposited

checks.  A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.  <u>United States v. Jensen</u>, 93 F.3d 667, 669 (9th Cir. 1996).  The Court is limited in its evaluation of evidence in a pretrial motion.

The Ninth Circuit Court of Appeals has explained that in reviewing a pretrial motion, the District Court cannot base "its decision on evidence that should only have been presented at trial."  <u>Id.</u>  The Court must presume the truth of the allegations in the Indictment and should not consider evidence not appearing on the face of the indictment.  <u>Id.</u> (quoting <u>United States v. Marra</u>, 481 F.2d 1196, 1199-1200 (6th Cir. 1973)).

Presuming the truth of the allegations in the Indictment, the Government has provided a sufficient jurisdictional basis to proceed at trial for the charges relating to "GMP Guam, Inc."  The Indictment charges "GMP Guam, Inc." as a corporation with its principal place of business at Honolulu, Hawaii, that is subject to the Internal Revenue Code.  The Government has the burden of proof at trial to demonstrate that Defendants are guilty beyond a reasonable doubt.

Defendant Guirguis' liability as to Counts 4 and 10 involves fact issues regarding GMP Guam, Inc.  Such are questions for the jury.  Defendant Higa's liability as to Count 7 also hinges on questions of fact that must be decided by the jury.

## CONCLUSION

Defendant Wagdy A. Guirguis' Motion to Dismiss Counts 4 and 10 in the Indictment (ECF No. 50) is **DENIED**.

Defendant Michael H. Higa's Joinder Moving to Dismiss Count 7 (ECF No. 55) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 23, 2018.

Helen Gillmor
United States District Judge

United States of America v. Wagdy A. Guirguis; Michael H. Higa, Crim. No. 17-00487 HG; **ORDER DENYING DEFENDANT WAGDY A. GUIRGUIS' MOTION TO DISMISS COUNTS 4 AND 10 (ECF No. 50) and DENYING DEFENDANT MICHAEL H. HIGA'S JOINDER MOVING TO DISMISS COUNT 7 (ECF No. 55)**