IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00487 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WAGDY A. GUIRGUIS (01), | ) | |
| MICHAEL H. HIGA (02), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT WAGDY GUIRGUIS' MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S OFFERED RULE 404(b) EVIDENCE (ECF No. 70)**

**and**

**DENYING DEFENDANT MICHAEL HIGA'S MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S 404(b) EVIDENCE (ECF No. 72)**

Defendants Wagdy A. Guirguis and Michael H. Higa are charged in a fifteen-count Indictment.

**Count 1** charges that from 2005 through 2017, Defendants Wagdy A. Guirguis and Michael H. Higa engaged in a conspiracy to defraud the United States by impeding and impairing the Internal Revenue Service in violation of 18 U.S.C. § 371.

**Defendant Guirguis** is charged as follows:

**Counts 2-4** with subscribing and filing false tax returns in violation of 26 U.S.C. § 7206(1);

**Count 10** with failure to file tax return in violation of 26 U.S.C. § 7203;

1

**Counts 11-13** with attempted tax evasion in violation of 26 U.S.C. § 7201;

**Count 14** with corrupt endeavor to obstruct and impede the due administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a); and

**Count 15** with witness tampering in violation of 18 U.S.C. § 1512(b)(1).

**Defendant Higa** is charged as follows:

**Counts 5-9** with aiding and assisting in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2).

The Government seeks to introduce evidence of other acts of the Defendants pursuant to Federal Rule of Evidence 404(b) in order to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The Government also argues that some of the other acts evidence is inextricably intertwined with the charges and is also admissible on that basis.

## PROCEDURAL HISTORY

On September 26, 2018, the Government filed a NOTICE OF INTENT TO INTRODUCE RULE 404(b) EVIDENCE. (ECF No. 68).

On September 27, 2018, Defendant Guirguis filed a MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S OFFERED RULE 404(b) EVIDENCE.

(ECF No. 70).

On September 28, 2018, Defendant Higa filed a MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S 404(b) EVIDENCE.  (ECF No. 72).

On October 9, 2018, the Government filed its CONSOLIDATED RESPONSE TO DEFENDANTS GUIRGUIS AND HIGA'S MOTIONS IN LIMINE TO EXCLUDE GOVERNMENT'S OFFERED RULE 404(b) EVIDENCE.  (ECF No. 101).

On October 19, 2018, the Court held the Final Pretrial Conference and ordered the Government to file a Supplemental Brief in support of its Notice of Intent to Introduce Rule 404(b) Evidence.  (ECF No. 111).

On the same date, the Government filed SUPPLEMENTAL MEMORANDUM IN SUPPORT OF GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANTS GUIRGUIS AND HIGA'S MOTION TO EXCLUDE RULE 404(b) EVIDENCE.  (ECF No. 107).

On October 23, 2018, Defendant Higa filed SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE EXCLUDING GOVERNMENT'S 404(b) EVIDENCE.  (ECF No. 112).

On October 25, 2018, the Court held a Continued Final Pretrial Hearing.

## **ANALYSIS**

Federal Rule of Evidence 404(b) provides:

> **(b)  Crimes, Wrongs, or Other Acts**.
>
> > **(1)  Prohibited Uses**.  Evidence of a crime, wrong, or other act is not admissible to

> prove a person's character in order to
> show that on a particular occasion the
> person acted in accordance with the
> character.
>
> **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

## I. Evidence Of Defendant Guirguis' Non-Compliance With Tax Laws Between 1983-1985

The Government seeks to introduce evidence from a witness who claims that Defendant Guirguis engaged in non-compliance with tax laws between 1983 and 1985. Specifically, in categories 1-3 of the Government's Notice (ECF No. 68), it seeks to introduce:

(1) Evidence that on January 31, 1985, Defendant Guirguis ordered his former bookkeeper, Patricia Gorsch, to improperly reduce the amount of federal employment taxes owed to the IRS.

(2) Evidence that sometime in 1984, Defendant Guirguis instructed Ms. Gorsch to pay his credit cards as opposed to payroll taxes due and owing to the IRS by GMP Associates, Inc.

(3) Evidence that around 1983, Defendant Guirguis told Ms. Gorsch that if the IRS ever came in, he would blame it

4

on shoddy bookkeeping.

The Ninth Circuit Court of Appeals has held that "other acts" evidence is admissible if:

(1)  it tends to prove a material point;

(2)  the other act is not too remote in time;

(3)  the evidence is sufficient to support a finding that defendant committed the other act; and,

(4)  the act is similar to the offense charged.

United States v. Bailey, 696 F.3d 798, 799 (9th Cir. 2012).

Here, the other acts are remote in time as they allegedly took place more than 30 years ago. The Indictment charges acts that occurred between 2005 and 2017. The Government's proffer of 404(b) evidence concerns allegations of Defendant Guirguis' prior tax non-compliance that occurred between 1983 and 1985.

The Ninth Circuit Court of Appeals has not identified a particular number of years after which past conduct becomes too removed to be admissible pursuant to Fed. R. Evid. 404(b). United States v. Johnson, 132 F.3d 1279, 1283 (9th Cir. 1997). The appellate court has upheld the introduction of other acts evidence that occurred more than 13 years before the charged acts. United States v. Vo, 413 F.3d 1010, 1018 (9th Cir. 2005).

The Government has not cited any cases where other acts evidence of more than 30 years ago was admitted pursuant to Fed. R. Evid. 404(b).

Here, although the allegations of Defendant Guirguis' prior

non-compliance with tax laws in 1983 through 1985 is relevant, United States v. Horner, 853 F.3d 1201, 1214-15 (11th Cir. 2017); United States v. Maxwell, 643 F.3d 1096, 1100 (8th Cir. 2011), the Court finds the evidence is too remote in time to be admissible pursuant to Fed. R. Evid. 404(b).

The Government's proposed testimony of Defendant Guirguis' other acts, alleged to have occurred between 1983 and 1985, is **NOT ADMISSIBLE** pursuant to Fed. R. Evid. 404(b) and 403.

## II. Evidence Of Other Acts That Are Intrinsically Intertwined With The Charged Crimes

The Government seeks to introduce evidence that during the time of the alleged conspiracy between 2005 and 2017, Defendant Guirguis and Defendant Higa committed other acts that are intrinsically intertwined with the charged crimes.

Evidence that is intrinsic to the charged offense is not excluded by Rule 404(b). United States v. McKoy, 771 F.2d 1207, 1214 (9th Cir. 1985). An act is intrinsic to a charged offense if the act is inextricably intertwined with the charged offense. United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012); United States v. Rizk, 660 F.3d 1125, 1131-33 (9th Cir. 2011).

### A. Evidence Of A Signed 1120 Form For GMP Hawaii, Inc.

The Government seeks to introduce evidence of a signed Form 1120 U.S. Corporation Income Tax Return for GMP Hawaii, Inc. for

6

the year 2010. The form is marked as Exhibit 3-5 in the Exhibits.

The Form was not filed with the IRS and Defendants are not specifically charged with actually filing or failing to file Exhibit 3-5.

The Government seeks to introduce this evidence because it claims that sometime in spring 2011, in connection with negotiations to sublease office space for GMP Hawaii, Inc., Defendant Guirguis provided the current tenant of the office space with Exhibit 3-5. The signed Form 1120 reported gross receipts of over $5 million dollars and taxable income of over $750,000.

The Government asserts that GMP Hawaii, Inc. filed its actual Form 1120 for year 2010 on a consolidated filing with Ohio Pacific, Tech., Inc. The Government states that the actual Form 1120 that was filed with the IRS reported completely different calculations of gross receipts of just over $1 million dollars and taxable income of only $18,120.

Defendants argue that Exhibit 3-5 is not relevant because it was never filed with the IRS. The argument is unavailing.

Defendant Guirguis is charged in Count 3 with filing a false tax return for Ohio Pacific, Tech., Inc. for the year 2010. Defendant Higa is charged in Count 6 with preparing a false tax return for Ohio Pacific, Tech., Inc. for the year 2010.

7

Exhibit 3-5 is highly relevant to whether the tax return for Ohio Pacific, Tech., Inc. for 2010 (as charged in Counts 3 and 6) misreported gross income. It is intrinsically intertwined with the charges in Counts 3 and 6.

Evidence is "inextricably intertwined" if it is not part of the crime charged but pertains to the chain of events explaining the context of the crime or is linked in time and circumstances with the charged crime and completes the story of the crime for the jury. United States v. Anderson, 741 F.3d 938, 949 (9th Cir. 2013); United States v. Wright, 392 F.3d 1269, 1276 (11th Cir. 2004).

Exhibit 3-5 is admissible as it is intrinsically intertwined with the charges in Counts 3 and 6. The document supports the Government's theory that Defendant Higa prepared and Defendant Guirguis signed a tax return for the same year that reported gross receipts almost five times larger than those reported to the IRS.

The evidence is probative of the Defendants' knowledge that the return filed with the IRS understated GMP Hawaii, Inc.'s gross receipts.

The evidence is also admissible pursuant to Fed. R. Evid. 404(b) as to the issues of intent, willfulness, knowledge, and absence of mistake. Exhibit 3-5 is probative of the issue of the Defendants' willfulness in the preparation, signing, and filing

8

of false returns.  The evidence also rebuts a defense that the Defendants were acting in good faith.  The evidence is not unduly prejudicial pursuant to Fed. R. Evid. 403.  <u>United States v. Ramirez</u>, 176 F.3d 1179, 1182 (9th Cir. 1999).

Exhibit 3-5 is **ADMISSIBLE**.

    **B.    Evidence Of An Alleged False Statement In An Affidavit By Defendant Guirguis**

The Government seeks to admit evidence that Defendant Guirguis provided an IRS revenue officer with an affidavit under penalties of perjury that allegedly stated that "[o]n December 10, 2010, a check in the amount of $163,957.47 was sent to the IRS for payment of GMPI's withholding taxes, including the 2nd Quarter 2010 941 return."  The Government claims that statement in the affidavit is false.

The Government seeks to admit the evidence in case Defendant Guirguis attempts to argue that the taxes for the 2nd Quarter of 2010 were paid.

Defendant Guirguis agrees that he will not argue that he made the payment for taxes in the 2nd Quarter of 2010 and objects to the admission of the evidence on the grounds that it is not relevant.

The Government may seek to admit the evidence only if Defendant Guirguis makes a misleading statement about the quarters for which the IRS payment was made.

9

**C. Evidence That GMP Guam, Inc. Did Not File Corporate Tax Returns With Guam Department Of Revenue For Years 2010 and 2011**

The Government seeks to introduce evidence that GMP Guam, Inc. did not file corporate tax returns with the Guam Government for tax years 2010 and 2011. The evidence is marked as Exhibit 28-2 in the Exhibits.

The evidence is probative of the Government's theory for Counts 4, 7, and 10 regarding purported taxes owed to the United States for GMP Guam, Inc. The Court addressed this issue in its ORDER DENYING DEFENDANT WAGDY A. GUIRGUIS' MOTION TO DISMISS COUNTS 4 AND 10 AND DENYING DEFENDANT MICHAEL H. HIGA'S JOINDER MOVING TO DISMISS COUNT 7 filed on October 23, 2018. (ECF No. 116).

The evidence of GMP Guam, Inc.'s purported failure to file taxes is directly related to charges 4, 7, and 10 in the Indictment.

Exhibit 28-2 is **ADMISSIBLE.**

**D. Evidence That GMP International, Inc. Did Not File Corporate Income Tax Returns With The IRS For Tax Years 2007-2013**

The Government seeks to introduce evidence claiming that GMP International, Inc. did not file Corporate Income Tax Returns with the IRS for tax years 2007-2013.

Defendants are not charged with failure to file taxes on behalf of GMP International, Inc. and argue the evidence is not relevant to the charged conduct.

The Government argues the purported evidence is directly related to the conspiracy charge in Count 1. The Government explains that the evidence at trial will demonstrate that adjustments were made to the records of GMP Hawaii, Inc. and GMP Guam, Inc. in order to reduce their gross receipts. The Government's theory is that the Defendants conspired to unlawfully transfer unreported gross receipts from GMP entities to GMP International, Inc. and then never filed corporate tax returns on behalf of GMP International, Inc. to obstruct the IRS.

The Ninth Circuit Court of Appeals has explained that the government may introduce evidence of uncharged transactions in order to prove the existence of the fraudulent scheme as a whole, including executions of the scheme that were not specifically charged by the government. United States v. Loftis, 843 F.3d 1173, 1176-77 (9th Cir. 2016); Rizk, 660 F.3d at 1131-32 (explaining that in a conspiracy case the government may submit proof of the full scope of the conspiracy).

The evidence of the purported failure to file taxes on behalf of GMP International, Inc. is part of the Government's theory of the conspiracy. The Government asserts the Defendants conspired to transfer money from GMP entities to GMP

11

International, Inc. in order to obstruct the IRS. The Government's claim that Defendants' failed to file tax returns on behalf of GMP International, Inc. is intrinsic to the conspiracy charge in the Indictment. The purported uncharged acts relate to the chain of events explaining the Government's theory. They explain the Government's claimed method of the conspiracy; that the alleged acts are linked in time to the conspiracy, and the alleged acts would complete the Government's theory of the crime for the jury. United States v. Anderson, 741 F.3d 938, 949 (9th Cir. 2013).

The uncharged acts evidence is also probative as to the issues of intent, willfulness, knowledge, and absence of mistake. The evidence is not unduly prejudicial pursuant to Fed. R. Evid. 403. United States v. Major, 676 F.3d 803, 809-10 (9th Cir. 2012).

Evidence that GMP International, Inc. did not file corporate income tax returns with the IRS for years 2007 through 2013 is **ADMISSIBLE.**

## CONCLUSION

Defendant Guirguis' Motion to Exclude the Government's Rule 404(b) Evidence (ECF No. 70) is **GRANTED, IN PART, AND DENIED, IN PART.**

Defendant Higa's Motion to Exclude the Government's Rule

404(b) Evidence (ECF No. 72) is **DENIED**.

IT IS SO ORDERED.

Dated: October 30, 2018, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United States of America v. Wagdy A. Guirguis; Michael H. Higa, Crim. No. 17-00487 HG; **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT WAGDY GUIRGUIS' MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S OFFERED RULE 404(b) EVIDENCE (ECF No. 70) and DENYING DEFENDANT HIGA'S MOTION TO EXCLUDE EVIDENCE PURSUANT TO FED. R. EVID. 404(b) (ECF No. 72)**