IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00487 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WAGDY A. GUIRGUIS (01), | ) | |
| MICHAEL H. HIGA (02), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING ADMISSION OF DEFENDANT HIGA'S PROPOSED EXHIBITS 336 AND 337**

Defendant Higa seeks to admit Exhibits 336 and 337. The Exhibits are letters from the Internal Revenue Service to Defendant Higa. The letters state that the Internal Revenue Service Appeals Office found that there was insufficient evidence that Defendant Higa was responsible for unpaid trust fund taxes of GMP International, Inc. for the tax periods ending June 30, 2010 and March 31, 2011.

Defendant Higa is not charged in the Indictment with any responsibility with the trust fund payroll taxes of GMP International, Inc. Defendant Higa is not being criminally prosecuted for any trust fund recovery penalty assessed to him as a tax preparer for GMP International, Inc. Exhibits 336 and 337 are not relevant to the charges in the Indictment.

Results from other litigation are generally inadmissible

hearsay evidence and are irrelevant. United States v. Marrero-Ortiz, 160 F.3d 768, 775 (1st Cir. 1998) (explaining that courts generally exclude evidence of favorable outcomes of other court proceedings). A judgment of acquittal from a prior criminal case is also not admissible. United States v. Thomas, 114 F.3d 228, 249-50 (D.C. Cir. 1997). Courts have explained that favorable results in another case are not relevant to subsequent litigation. United States v. Viserto, 596 F.2d 531, 536 (2d Cir. 1979). Prior results are not probative of whether the defendant committed the acts for which he is currently on trial. United States v. Kendrick, 682 F.3d 974, 986 (11th Cir. 2012).

Courts have also found that investigative reports and findings from administrative proceedings are generally not admissible in a subsequent court proceeding. United States v. Soto, 799 F.3d 68, 91-92 (1st Cir. 2015) (finding the district court properly excluded a government accountability report because the report was irrelevant hearsay and could have confused the jury by improperly influencing its understanding of lending practices and standards in a mortgage fraud case).

Such evidence is unduly prejudicial pursuant to Federal Rule of Evidence 403. Admission of results from administrative proceedings would result in juror confusion. Coleman v. Home Depot, Inc., 306 F.3d 1333, 1345 (3rd Cir. 2002) (finding the district court properly excluded evidence from the EEOC

2

administrative investigation as it was unduly prejudicial pursuant to Fed. R. Evid. 403). The administrative proceedings involve different legal standards and rules of evidence and introduction of such evidence could mislead and confuse the jury. Callaway Golf Co. v. Acushnet Co., 576 F.3d 1331, 1342-43 (Fed. Cir. 2009) (excluding evidence of other patent proceedings in a patent infringement trial as it would have unduly distracted the jury from the main issues and confused their deliberations).

## **CONCLUSION**

Defendant Higa's Proposed Exhibits 336 and 337 are **INADMISSIBLE.**

IT IS SO ORDERED.

Dated: October 31, 2018, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States of America v. Wagdy A. Guirguis; Michael H. Higa, Crim. No. 17-00487 HG; **ORDER DENYING ADMISSION OF DEFENDANT HIGA'S PROPOSED EXHIBITS 336 AND 337**