IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00487 HG |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| WAGDY A. GUIRGUIS (01), | ) |  |
| MICHAEL H. HIGA (02), | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**ORDER DENYING DEFENDANT MICHAEL H. HIGA'S RENEWED MOTION TO SEVER DEFENDANTS (ECF No. 104)**

### I. Defendant Michael H. Higa's First Motion to Sever Defendants

Previously, on August 28, 2018, Defendant Higa filed DEFENDANT MICHAEL H. HIGA'S MOTION TO SEVER DEFENDANTS. (ECF No. 47).

Defendant Higa made three arguments: (1) his defense strategy was mutually antagonistic to the defense strategy of his codefendant Wagdy A. Guirguis; (2) he would be prejudiced by spillover evidence; and (3) he would lose his codefendant Guirguis' exculpatory testimony.

On September 26, 2018, the Court issued ORDER DENYING DEFENDANT MICHAEL H. HIGA'S MOTION TO SEVER DEFENDANTS. (ECF No.

1

69).  The Court explained that Defendant Higa failed to meet the burden required to warrant severance based on mutually antagonistic defenses because merely blaming a codefendant did not rise to the level of antagonistic defenses.  The Court also determined that Defendant Higa had failed to establish, with particularity, how he would be prejudiced by spillover evidence.  Lastly, the Court found that Defendant Higa did not describe how Defendant Guirguis' testimony would assist him.  Defendant Higa did not provide the Court with an affidavit indicating that Defendant Guirguis would provide exculpatory testimony.

## **II. The Renewed Motion to Sever Defendants Before the Court**

On October 11, 2018, Defendant Higa filed DEFENDANT MICHAEL H. HIGA'S RENEWED MOTION TO SEVER DEFENDANTS.  (ECF No. 104).

On October 12, 2018, the Government filed GOVERNMENT'S RESPONSE TO DEFENDANT MICHAEL HIGA'S RENEWED MOTION FOR SEVERANCE.  (ECF No. 105).

Defendant Higa once again said: (1) Defendant Higa and his codefendant Guirguis have mutually antagonistic defenses; (2) claimed, in general language, that exculpatory testimony would be available at a severed trial; and (3) Defendant Higa would suffer prejudice from spillover evidence.

### A.   Exculpatory Testimony

When the reason for severance is based on the desire for a codefendant's testimony, the defendant must establish (1) that he would call the codefendant at a severed trial; (2) that the codefendant would in fact testify at a severed trial, and (3) that the testimony would be substantially exculpatory.  United States v. Pitner, 307 F.3d 1178, 1181 (9th Cir. 2002) (citing United States v. Reese, 2 F.3d 870, 892 (9th Cir. 1993)).  The district court must consider the weight and credibility of the proposed testimony and the judicial economy of severance.  Id. (citing United States v. Castro, 887 F.2d 988, 998 (9th Cir. 1989)).

Defendant Higa argues that exculpatory testimony may be available if the trial is severed.  In his renewed motion, Higa erroneously relies on a case from this District, United States v. Pflueger, Cr. No. 10-00631-02 LEK, 2012 WL 1033573 (D. Haw. March 27, 2012).  Unlike the circumstances here, the codefendant in Pflueger provided a declaration attesting that he will testify.  Id. at *1.  In Pflueger, the district court granted defendant James Henry Pflueger's motion to sever because his codefendant submitted a declaration indicating his agreement to testify in Pflueger's defense and provide exculpatory testimony.  Id. at *1-*2.  Further, Pflueger's attorney submitted a declaration

3

attesting that he would call Pflueger's codefendant to testify. Id.

Defendant Higa has not provided this Court with declarations from Defendant Guirguis attesting that Defendant Guirguis would provide exculpatory testimony on Higa's behalf.

In Pflueger, defendant Pflueger was charged with various tax crimes, including conspiracy. Pflueger, 2012 WL 1033573, at *1. Pflueger sought an order severing his trial from his codefendant Dennis L. Duban. Id. Pflueger argued that Duban would testify in Pflueger's defense and provide exculpatory testimony if their trials were severed but that Duban would not do so in a joint trial because doing so would waive his Fifth Amendment privilege against self-incrimination pursuant to the United States Constitution. Id. at *1-*2. Pflueger's attorney submitted a declaration stating that he would call codefendant Duban as a defense witness if the trials were severed. Id. at *1. Duban submitted a declaration *in camera* attesting that he would testify in Pflueger's defense if their trials were severed. Id. Duban was Pflueger's Certified Public Accountant and tax preparer and he was responsible for all of Pflueger's tax filings during the years relevant to the indictment. Duban provided that he directly communicated with Pflueger about his tax documents and would be in the unique position of being able to testify as to Pflueger's knowledge, state of mind, and role in the preparation

4

of his tax documents.  Id.  The district court determined that the testimony might negate the intent element of the charges against Pflueger.  The district court granted the motion to sever based on the two declarations because the district court determined that Duban's testimony would be favorable for Pflueger and may be substantially exculpatory.  Id.

Here, Defendant Higa has still not provided the Court with an explanation of how Guirguis' testimony would be exculpatory with any particularity or specificity.  Nor has Defendant Higa provided a declaration from Codefendant Guirguis stating that he would testify favorably for Higa at a separate trial.

There is no indication that Guirguis will testify if there were a separate trial.  Defendant Higa has made no showing that exculpatory testimony would be available at a severed trial. Defendant Higa has not met his burden of showing that severance is warranted.

Defendant Higa continues not to have met the burden for severance based on mutually antagonistic defenses.  Defendant Higa also has not demonstrated how spillover evidence would prejudice him.

## CONCLUSION

Defendant Michael H. Higa's Renewed Motion to Sever

Defendants (ECF No. 104) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 2, 2018.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

United States of America v. Wagdy A. Guirguis; Michael H. Higa, Crim. No. 17-00487 HG; **ORDER DENYING DEFENDANT MICHAEL H. HIGA'S RENEWED MOTION TO SEVER DEFENDANTS (ECF No. 104)**

6