IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00487 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WAGDY A. GUIRGUIS (01), | ) | |
| MICHAEL H. HIGA (02), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# ORDER DENYING ADMISSION OF DEFENDANT GUIRGUIS' PROPOSED EXHIBITS 1060, 1061, 1064, 1065, AND 1066
### and
# LIMITING THE TESTIMONY OF EXPERT WITNESS GARRET HOE

Defendant Guirguis sought to admit Exhibits 1060, 1061, 1064, 1065, and 1066. Exhibits 1060 and 1061 are summary charts prepared by his expert witness, Garret Hoe, a certified public accountant. Exhibits 1064-66 are unfiled tax returns that Defendant Guirguis signed on October 19, 2018, the day of the Court's Final Pretrial Conference.

Defendant Guirguis argued the five exhibits were relevant to the charges against him for allegedly filing false tax returns.

The Government opposed the admission of all five exhibits.

The Court held a hearing on November 8, 2018, before Defendant Guirguis' expert was called to testify. (ECF No. 144). At the hearing, Defendant Guirguis withdrew his request to admit the proposed exhibits 1060, 1061, 1064, 1065, and 1066.

1

The Court held voir dire with Defendant Guirguis' expert, Mr. Hoe. The Court permitted Mr. Hoe to testify before the jury but limited the scope of his testimony.

This Order contains the written basis for the oral rulings rendered on November 8, 2018.

## STANDARD OF REVIEW

**Relevance**

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402; United States v. Whistler, 139 Fed. Appx. 1, 2 (9th Cir. July 5, 2005).

Probative evidence may be inadmissible if it is substantially outweighed by prejudice, including the danger of confusing the issues, misleading the jury, or undue delay. Fed. R. Evid. 403.

**Defendant's Disclosure Of Expert Witness**

Federal Rule of Criminal Procedure 16(b)(1)(C) requires the defendant to provide the Government with a written summary of any testimony the defendant intends to use as evidence at trial pursuant to Fed. R. Evid. 702, 703, or 705. The summary must describe the witness's opinions, the bases and reasons for these

2

opinions, and the witness's qualifications.  Fed. R. Crim. P. 16(b)(1)(C).

Failure to comply with Rule 16 disclosure requirements may result in the exclusion of the proffered evidence.  Fed. R. Crim. P. 16(d).

**Expert Witness Opinion Testimony**

Federal Rule of Evidence 702 governs the admissibility of expert opinion testimony.  Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact.  <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 591 (1993).

An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.  Fed. R. Evid. 703.  The expert's opinion may not rely upon unsubstantiated, erroneous, or speculative facts or data.  <u>United States v. Santini</u>, 656 F.3d 1075, 1078-79 (9th Cir. 2011).

Expert witnesses must not state an opinion about whether the defendant did or did not have the requisite mental state to commit the charged offenses.  Such matters are reserved for the trier of fact.  Fed. R. Evid. 704.

## **ANALYSIS**

Defendant Guirguis sought to admit five exhibits that were

3

to be introduced through his expert witness, Garret Hoe, a certified public accountant. The exhibits consisted of unfiled tax returns for GMP International, Inc. and summary charts for GMP International, Inc. for tax years 2008, 2009, and 2010.

**I.   Defendant Guirguis' Proposed Exhibits 1064, 1065, and 1066**

First, Defendant Guirguis seeks to admit Exhibits 1064, 1065, and 1066. Exhibits 1064, 1065, and 1066 were executed by Defendant Guirguis on October 19, 2018, but they were not offered as Exhibits until November 1, 2018, after trial had already begun.

These three exhibits are copies of Form 1120 U.S. Corporation Income Tax Returns for GMP International, Inc. for the tax years 2008, 2009, and 2010. The Tax Returns were not signed by Defendant Guirguis until October 19, 2018, the date of the Court's Final Pretrial Conference. (ECF No. 111).

A defendant is required to disclose his expert opinions if requested by the Government pursuant to Fed. R. Crim. P. 16(b)(1)(C). Rule 16 requires the defendant to disclose a summary consisting of the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. Id.

**Expert Witness Garret Hoe**

On September 27, 2018, Defendant Guirguis disclosed his

intention to use an expert pursuant to Rule 16 and provided the Government with a summary of the expert's opinion and the bases for his opinions. (Expert Opinion, attached as Ex. A to Def.'s Memo., ECF No. 137-1).

The disclosure met the minimum requirements of Rule 16(b)(1)(C). Mr. Garret Hoe, a certified public accountant who was disclosed as Defendant Guirguis' expert, is permitted to testify as to the opinions that he timely disclosed to the Government. United States v. Finley, 301 F.3d 1000, 1017 (9th Cir. 2002).

In the September 27, 2018 disclosure, Defendant Guirguis did not disclose that the expert witness was intending to rely on unfiled tax returns for GMP International, Inc. for tax years 2008, 2009, and 2010. The returns labeled as Exhibits 1064, 1065, and 1066, and signed on October 19, 2018, were not disclosed in discovery. They were provided to the Government following the commencement of trial on October 30, 2018. The 2008, 2009, and 2010 unfiled tax returns were not relied upon by the expert witness in preparing his report. They were not disclosed as a basis for the expert's report. There was insufficient notice to the Government of the existence of the unfiled tax returns.

In addition, Defendant Guirguis has not established that the unfiled tax returns are relevant. The returns were not signed by

him until October 19, 2018. The returns are not probative of Defendant Guirguis' intent or state of mind at the time of the crimes charged in the Indictment.

Defendant withdrew his request for admission of Exhibits 1064, 1065, and 1066. They were not admitted. The Court finds Exhibits 1064, 1065, and 1066 are otherwise **INADMISSIBLE**.

**II. Defendant Guirguis' Proposed Exhibits 1060 and 1061**

    **A. Summary Charts Are Only Admissible If The Underlying Materials Are Admissible And They Are Not Unduly Prejudicial**

Federal Rule of Evidence 1006 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006.

A proponent of summary evidence must establish that the underlying materials upon which the summary is based (1) are admissible in evidence and (2) were made available to the opposing party for inspection. United States v. Rizk, 660 F.3d 1125, 1130 (9th Cir. 2011). The underlying evidence must be admissible but it need not be admitted into evidence separately. United States v. Meyers, 847 F.2d 1408, 1412 (9th Cir. 1988).

The availability requirement ensures that the opposing party

6

has an opportunity to verify the reliability and accuracy of the summary "prior to trial." Rizk, 660 F.3d at 1130 (quoting Paddack v. Dave Christensen, Inc., 745 F.2d 1254, 1261 (9th Cir. 1984)).

The proposed summary charts marked as Exhibits 1060 and 1061 were provided to the Government on October 29, 2018, the day before trial. The Government stated that the summary charts were not disclosed in discovery and therefore they have been unable to investigate the accuracy of the information on the charts. The Government argued that the proposed charts were prepared by Defendant Guirguis' expert but were not disclosed in the expert report. The Government sought exclusion pursuant to Fed. R. Crim. P. 16(d).

To be admissible as substantive evidence under Rule 1006, the chart must summarize the underlying materials "accurately, correctly, and in a nonmisleading manner." United States v. Bray, 139 F.3d 1104, 1109-10 (6th Cir. 1998); United States v. Janati, 374 F.3d 263, 273 (4th Cir. 2004).

The Ninth Circuit Court of Appeals has explained that expert opinions and exhibits relating to speculative figures for tax adjustments are not admissible. United States v. Fritz, 481 F.2d 644, 645 (9th Cir. 1973) (per curiam). The appellate court explained that the trial court properly excluded the expert witness's proffered exhibits relating to adjustments which would

7

have affected the defendant's tax liability for a prior tax year. Id. The trial court found that the exhibits were inadmissible because they were reconstructed for purposes of litigation without "any receipts, records, or anything to back them up." Id.

The appellate court upheld the exclusion of the exhibits because it found that there was no testimony that the defendant considered making the proposed adjustments when he filed his tax return for the tax year in question and the "offered proof under these circumstances was not relevant to the issue of willfulness in subscribing to a false return." Id.

Defendant Guirguis failed to demonstrate that the charts in Exhibits 1060 and 1061 summarized the evidence accurately, correctly, and in a non-misleading manner. United States v. Lefevbre, 29 F.3d 636, *1 (9th Cir. 1994).

**B.  Summary Charts May Not Be Used For An Impermissible Purpose**

Caselaw in the Ninth Circuit Court of Appeals establishes that evidence of attempts to cure tax liability made after commencement of prosecution is irrelevant and inadmissible. United States v. Pang, 362 F.3d 1187, 1194 (9th Cir. 2004). The United States Supreme Court has explained that a subsequent intention to pay taxes is no defense to a past intention to evade taxes. Sansone v. United States, 380 U.S. 343, 354 (1965).

The expert's proposed summary charts in Exhibits 1060 and 1061 cannot be used as an attempt to provide testimony on Defendant Guirguis' state of mind at the time of the charged offenses. Fed. R. Evid. 704(b); United States v. Ross, 626 F.2d 77, 81 (9th Cir. 1980) (precluding expert testimony as to the defendant's conduct in years subsequent to the years of the charged conduct).

Summary charts of bookkeeping may only be based on evidence in existence and recorded during the time of the charges in the Indictment. The charts may not be used to reconfigure how the tax liabilities could have been structured or how transactions could have been recorded. United States v. Keltner, 675 F.2d 602, 604-05 (4th Cir. 1982); United States v. Wick, 34 Fed. Appx. 273, 276 (9th Cir. 2002). "Were the rules otherwise, tax evaders could avoid criminal prosecution simply by paying up after being caught." Pang, 362 F.3d at 1194.

Here, Defendant Guirguis withdrew his request for admission of the summary charts in Exhibits 1060 and 1061. The charts were not admitted. They were otherwise **INADMISSIBLE**.

**III. Limitations On Testimony Of Defendant Guirguis' Tax Expert**

    **A.    Expert Testimony Limited To Disclosures In Expert Report**

Defendant Guirguis' expert witness, Garret Hoe, was disclosed pursuant to Fed. R. Crim. P. 16(b)(1)(C) and may

9

testify concerning the opinions contained in his report. <u>Finley</u>, 301 F.3d at 1017. He may not testify about opinions or the bases for his opinions that were not disclosed to the Government. Fed. R. Crim. P. 16(d).

    **B.    Expert Testimony May Not Address Defendant Guirguis' State Of Mind**

Mr. Hoe may not testify as to Defendant Guirguis' state of mind at the time of the charged offenses. <u>United States v. Beavers</u>, 756 F.3d 1044, 1054 (7th Cir. 2014). There are numerous charges with various requirements for the Government to prove with respect to Defendant Guirguis' intent. There are also defenses raised concerning Defendant Guirguis' intent, including whether Defendant Guirguis intended to treat withdrawals from the GMP entities as income or as loans.

The expert is not permitted to testify about Defendant Guirguis' state of mind. Otherwise, Defendant Guirguis would be able to provide selective and favorable statements concerning his intent before the jury without having to face cross-examination. <u>Id.</u>

    **C.    Expert Testimony Cannot Be Based On Reconstruction Of Business Records**

Mr. Hoe may not testify as to what could have been entered on the GMP entities' books so that they would have no present tax consequences. <u>United States v. Wick</u>, 34 Fed. Appx. 273, 276 (9th

Cir. 2002). Reconfiguring the record-keeping is irrelevant to what was actually done at the time of the charged crimes.

The Ninth Circuit Court of Appeals has explained that once a taxpayer has assumed control of funds and failed to report such funds as income or failed to make proper adjustments to the records before prosecution, he has already violated the tax code. Id.; see also United States v. Keltner, 675 F.2d 602, 605 (4th Cir. 1982).

    **D.**    **Expert Testimony Cannot Be Legal Conclusions Or Ultimate Issues For The Jury**

An expert witness in a criminal case may not testify concerning a legal conclusion. Fed. R. Evid. 704(b). In United States v. Boulware, 558 F.3d 971, 975 (9th Cir. 2009), the Ninth Circuit Court of Appeals upheld the exclusion of testimony by an expert witness that the defendant's corporate distributions were legally non-taxable as either loans, monies placed in trust, or returns of capital. The appellate court found that the "trial court's exclusion of the expert testimony to the extent that it constituted a legal opinion was well within its discretion." Id.

Mr. Hoe's expert report states that several transactions were "loans." He may not testify that a particular transaction was a loan, as that is an ultimate issue for the jury. Mr. Hoe may testify about the differences between income, loans, and advances. He may also testify about which records he would

11

consider in determining whether a transfer was income, a loan, or an advance. Beavers, 756 F.3d at 1055.

Mr. Hoe may not give an opinion about whether Defendant Guirguis considered a particular transaction was a bona fide loan or advance. He may not testify as to Defendant Guirguis' intent or state of mind. Mr. Hoe may not provide an opinion on an ultimate issue for the jury.

## CONCLUSION

Defendant Guirguis' Proposed Exhibits 1060, 1061, 1064, 1065, and 1066 were withdrawn. They are **INADMISSIBLE.**

The testimony of Defendant Guirguis' expert witness is limited and may not be based on information not disclosed in his expert report. Mr. Hoe may not testify concerning Defendant Guirguis' state of mind. He may not testify as to issues reserved for the trier of fact.

IT IS SO ORDERED.

Dated: November 19, 2018, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United States of America v. Wagdy A. Guirguis; Michael H. Higa, Crim. No. 17 00487 HG; **ORDER DENYING ADMISSION OF DEFENDANT GUIRGUIS' PROPOSED EXHIBITS 1060, 1061, 1064, 1065, AND 1066 and LIMITING THE TESTIMONY OF EXPERT WITNESS GARRET HOE**